# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036 | ) ) ) ) ) | Civil Action 15-cv-1162 |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, NW Washington, D.C. 20460 | ) ) ) ) ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On May 21, 2015, Plaintiff sent, via the FOIA Online system, a FOIA request seeking records pertaining to the chemical substance release at the EPA Potomac Yard North Workspace (2733 Crystal Drive, Arlington, VA 22202) on or about July 3, 2014.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period may only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to produce any records in response to Plaintiff's May 21, 2015 FOIA request, No. EPA-HQ-2015-007344.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. EPA is frustrating Plaintiff's efforts to educate the public about EPA's response to a chemical release in one of its own facilities that posed – and may be continuing to pose – health threats to its employees.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## **PARTIES**

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. On or about July 3, 2014 there was a chemical substance release at the EPA Potomac Yard North Workspace (2733 Crystal Drive, Arlington, VA 22202).

18. On May 21, 2015 PEER submitted a FOIA request through the FOIAOnline system seeking all documents that have ever been within EPA's custody or control, whether they exist in agency "working," investigative, retired, electronic mail, or other files currently or at any other time pertaining to the chemical substance release at the EPA Potomac Yard North Workspace. Specifically, PEER requested:

    a. For the period of July 2014 to present, all records relating to the relocation (temporary and permanent) of EPA Potomac Yard North Workspace employees from the 5th floor at 2733 Crystal Drive, Arlington, VA to other offices or cubicles on the 5th floor, other floors within the same building, and off-site locations.

    b. For the period of July 2014 to present, all records of EPA Potomac Yard North Workspace employee health complaints (including complaints by government contractors working at Potomac Yard Workspace) pertaining to the chemical substance release on the 5th floor at 2733 Crystal Drive, Arlington, VA 22202, including management responses to those complaints. Names and other identifying information of complaining employee(s) may be redacted.

    c. For the period of July 2014 to present, all records of communication between EPA and the following regarding the July 3, 2014 chemical substance release on the 5th floor at 2733 Crystal Drive, Arlington, VA 22202:

        i. EPA's Safety, Health and Environmental Management (SHEM) personnel;

>  ii. Facilities Management;
>
>  iii. Building Management; and
>
>  iv. Occupational Safety & Health Administration.
>
> d. All documentation of air and surface testing and subsequent reports by the EPA (including testing conducted by EPA contracted individuals) related to the July 3, 2014 chemical substance release on the 5th floor at 2733 Crystal Drive, Arlington, VA 22202.
>
> e. Written rules, procedures, or protocols describing the responsibilities of EPA personnel regarding exposure to chemical substances.

19. EPA confirmed Plaintiff's submission the same day and assigned it tracking number EPA-R3-2015-007344.

20. On May 26, EPA changed the tracking number to EPA-HQ-2015-007344.

21. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond or to assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16.

22. Twenty working days from May 21, 2015 (the date of Plaintiff's request) was June 19, 2015. Twenty working days from May 26, 2015 (the date on which EPA changed the tracking number for the request) was June 23, 2014.

23. As of this July 21, 2015 filing, Plaintiff has not received any records responsive to its April 6, 2015 FOIA request.

24. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its May 21, 2015 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant's failure to disclose the records requested under Request No. EPA EPA-HQ-2015-007344 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the EPA's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

 iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 21, 2015,

\_\_/s/ Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Counsel for Plaintiff*